Lawrence F. BALICK, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 93–3326.

United States Court of Appeals,
Federal Circuit.

May 31, 1996.

---

Randall L. Shepard, Fitzsimmons and Shepard, Rochester, Michigan, argued, for petitioner.

Steven E. Gordon, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., argued, for respondent. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and, Richard E. Rice, Assistant Director.

Before MAYER, MICHEL, and RADER, Circuit Judges.

PER CURIAM.

Lawrence F. Balick petitions for review of a decision of the Merit Systems Protection Board, No. CH831M930039–I–1 (March 1, 1993), which affirmed, in part, the Office of Personnel Management's reconsideration decision that Balick had underreported income resulting in disability annuity payments to which he was not entitled. We affirm.

### Background

On July 18, 1975, Balick retired on disability from his position as an Internal Revenue Agent, GS–11, with the Internal Revenue Service. His disability annuity was subject to the statutory condition that he continue to be medically disabled and that his income from wages and self-employment in any one year not exceed 80 percent of the then current pay of his former position.*

From 1987 through 1991, Balick sold insurance for several different companies. Some of the companies reported his commissions on IRS Form 1099 (Miscellaneous Income) as non-employee compensation. Two of the companies reported his income as employee wages. Balick calculated the amount of in-

* 5 U.S.C. § 8337(d) (1994) provides:
If an annuitant receiving disability retirement annuity from the Fund, before becoming 60 years of age, recovers from his disability, payment of the annuity terminates on reemployment by the Government or 1 year after the date of the medical examination showing the recovery, whichever is earlier. If an annuitant receiving disability retirement annuity from the Fund, before becoming 60 years of age, is restored to an earning capacity fairly comparable to the current rate of pay of the position occupied at the time of retirement, payment of the annuity terminates on reemployment by the Government or 180 days after the end of the calendar year in which earning capacity is so restored, whichever is earlier. Earning capacity is deemed restored if in any calendar year the income of the annuitant from wages or self-employment or both equals at least 80 percent of the current rate of pay of the position occupied immediately before retirement.

come he reported to the Office of Personnel Management (OPM) each year for determining his earning capacity by deducting his business related expenses from the sum of his commissions and wages. He thus reported the taxable income he calculated for his federal income taxes as his income for determining earning capacity.

In 1992, OPM audited Balick's income for the years 1987 through 1991. It calculated his income by adding the amount of his gross receipts from insurance sales, commissions, to the amount of reported wages. OPM did not allow any deduction for business related expenses. Based on this methodology, OPM concluded that Balick received income which exceeded the 80 percent limit in each of the five audited years, and that therefore his earning capacity had been restored for those years. Because his earning capacity had been restored in 1987, pursuant to 5 U.S.C. § 8337(d) OPM determined that Balick should not have received disability annuity payments beginning 180 days after December 31, 1987, the last day of the year in which his income was restored. These payments totaled $59,973. An additional $11,589.96 was added for interest on the overpayments.

Balick appealed the decision to the Merit Systems Protection Board which rejected his method of computing income in determining earning capacity, stating that section 8337(d) "defines the test for determining earning capacity in terms of 'wages' and wages is not the same as taxable income." It held that OPM could reasonably define "wages" as the portion of income that was subject to federal employment taxes (e.g., social security and medicare). The board also held that Balick could not deduct expenses from reported employee wages, but that he could deduct business related expenses from his self-employment income. As a result, it determined that OPM correctly computed the wage portion of Balick's income without deducting his business expenses, but had incorrectly determined that he was not permitted to deduct business related expenses from the income attributable to self-employment sales commissions. Therefore, all of Balick's self-employment income was offset by business expenses. Looking only at wages, the board

determined that he exceeded the income limit only in 1987, 1990, and 1991, and ordered OPM to recompute the overpayment based on those years. Balick appeals.

### Discussion

■ Judicial review of disability determinations under the Civil Service Retirement System is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative process.'" *Lindahl v. Office of Personnel Management,* 470 U.S. 768, 791, 105 S.Ct. 1620, 1633, 84 L.Ed.2d 674 (1985)(citing *Scroggins v. United States,* 184 Ct.Cl. 530, 397 F.2d 295, 297 (1968)); see also *Anthony v. Office of Personnel Management,* 58 F.3d 620, 624–25 (Fed.Cir.1995). We review this decision to determine whether the agency misconstrued the governing legislation.

■ Balick argues that OPM misinterpreted 5 U.S.C. § 8337(d) when it did not allow him to calculate his earning capacity by deducting his business expenses from his wage earnings. He claims that the income he should be required to report to OPM is the "taxable income" figure used in determining his federal income tax. In calculating taxable income for the federal income tax, he deducts business related expenses from the sum of his self-employment income and his employee wages. Balick claims this calculation of taxable income is permitted for a narrow class of taxpayers called "statutory employees" who are considered employees for some purposes and self-employed for others. *See* Rev. Rul. 90–93, 1990–2 C.B. 33.

■ As the board noted, Balick's method of computation might be a reasonable interpretation of what constitutes his earning capacity under section 8337(d). His appeal fails, however, because his burden is to prove that the agency's interpretation of the statute is unreasonable, not that his is reasonable. The interpretation of a statute by the agency charged with its implementation is entitled to substantial deference and we sustain the agency's interpretation if it is reasonable and not at variance with the plain meaning of the statute. Congress has authorized OPM to

administer the federal disability program. We thus give considerable weight to OPM's interpretation of an arguably ambiguous statutory term within its administrative authority. There is no explicit statutory definition of "income ... from wages or self-employment" in section 8337. Absent a definition, OPM tells us it has interpreted "wage" to include all earnings that are subject to federal employment taxes such as social security and medicare. This is reasonable in light of the language and purpose of the statute.

▪ Balick also argues that he should not be liable for repaying benefits erroneously disbursed to him because the agency's income report form contains misleading instructions. The allegedly misleading instruction states:

> Income from self-employment is any net profit you made from working or managing your own business, whether at home or elsewhere. Net profit is the amount remaining after deduction of business expenses and before deduction of any personal expenses or exemptions as allowed by the Internal Revenue Service.

The instruction merely defines the method for computing the amount of self-employment earnings that must be reported; it does not discuss reporting of employee wages. The instruction is completely consistent with the method the board employed to determine Balick's reportable wage income. Finally, even if the government provides erroneous instructions, it is not estopped from later applying the correct law once the mistake is discovered. *Office of Personnel Management v. Richmond*, 496 U.S. 414, 433, 110 S.Ct. 2465, 2476, 110 L.Ed.2d 387 (1990).

### Conclusion

Accordingly, the decision of the Merit Systems Protection Board is affirmed.

*AFFIRMED.*